1
2
3
4
5
6
7
8

Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
600 California Street, 18th Floor
San Francisco, CA 94108-2711
Ph: (415) 651-1951
Fax: (415) 956-3233
mark@aoblawyers.com

Attorneys for Plaintiff Carl Nielsen

FILED

NOV 20 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEJ

Carl C. Nielsen,

        Plaintiff,

        v.

Bank of America, N.A.;
Trans Union LLC;
Equifax Information Services LLC;
and Experian Information Solutions, Inc.;


        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.  C 12 5953

COMPLAINT

(Fair Credit Reporting Act
15 USC § 1681 et seq)

DEMAND FOR JURY TRIAL

**Jurisdiction and Venue**

1.    This action is brought pursuant to the Fair Credit Reporting Act, 15 USC §1681 et seq.

(FCRA). The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC

§1681p and over the state law claims pursuant to 15 USC § 1367.

2.    Plaintiff brings claims against the defendants Bank of America, N.A., Trans Union,

Equifax and Experian based on violations of the FCRA and the California Consumer Credit

Reporting Agencies Act, California Civil Code §§ 1785.25 (a).

*Carl C. Nielsen  v Bank of America, N.A.*, ND Case No.
Complaint and Jury Demand

1

**Description of the Case**

1

2      **3.**      Plaintiff Carl C. Nielsen filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy

3    Court for the Northern District of California on September 24, 2007 (case no. 07-31228 TEC 7).

4                          **Facts Concerning a Bank of America Automobile Loan**

5      **4.**      Plaintiff's bankruptcy court filing included a schedule of creditors holding secured

6    claims one of which was an automobile loan from defendant Bank of America, N.A., secured by a

7    lien on plaintiff's 2003 Volvo model C-70.

8

9      **5.**      During the bankruptcy court proceedings, plaintiff and defendant Bank of America,

10   N.A. entered into a Reaffirmation Agreement under which plaintiff retained possession of the 2003

11   Volvo. Under the Agreement, plaintiff reaffirmed $18,963 in indebtedness. Plaintiff made all loan

12   payments required under the terms of the loan and on July 14, 2011, the Bank sent plaintiff a letter

13   congratulating him on having paid off the loan. The Bank released the lien and plaintiff received clear

14   title to the Volvo.

15

16     **6.**      The bankruptcy court entered a discharge order on July 11, 2008. Under bankruptcy

17   law, plaintiff automobile loan was not discharged having been reaffirmed.

18     **7.**      Beginning sometime in 2008, defendant Bank of American began reporting to the

19   defendant credit reporting agencies that the automobile loan had been included and discharged in a

20   Chapter 7 bankruptcy. While the loan had been included in bankruptcy, the report that it had been

21   discharged in bankruptcy was inaccurate. In addition, the Bank failed to report that the loan had been

22   reaffirmed and paid in full.

23

24     **8.**      Plaintiff sent detailed dispute letters to Bank of America concerning the way in which

25   it was reporting the loan to the credit reporting agencies. Plaintiff sent such letters along with a copy

26   of the Reaffirmation Agreement to the Bank on March 28, 2011; August 17, 2012; and August 30,

27   2012. Plaintiff talked to the Bank's bankruptcy auto loan specialists located in Greensboro, N.C. in

28   August 2012 pointing out that the loan was reaffirmed and not discharged. The specialists refused to

*Carl C. Nielsen v Bank of America, N.A.*, ND Case No.
Complaint and Jury Demand                                                                              2

change the Bank's credit reporting. On September 10, 2012, a paralegal in plaintiff's bankruptcy attorney's office spoke to the Bank specialists, but got nowhere.

9. Defendant Trans Union is reporting that the Bank of America loan was included in a Chapter 7 bankruptcy without disclosing the loan was reaffirmed. In a letter dated October 10, 2012, plaintiff informed defendant Trans Union that it was incorrectly reporting the automobile loan. Plaintiff stated the report should state the loan was reaffirmed and paid in full.

10. On October 19, 2012, defendant Trans Union reported the results of its investigation. Trans Union included the remark, "Chapter 7 bankruptcy," with no notation the loan had been reaffirmed and paid in full.

11. Beginning at a date unknown to plaintiff, defendant Equifax was reporting that the Bank of America auto loan was included and discharged in bankruptcy with no disclosure that the loan was reaffirmed. Plaintiff disputed Equifax's report; on August 2, 2012, Equifax sent plaintiff the results of its investigation that resulted in no change in its report. Plaintiff again disputed the report in early August 2012; in response, Equifax deleted the statement that the debt had been discharged; however, Equifax failed to add a statement that the debt was reaffirmed.

12. As of October 6, 2012, defendant Experian was reporting that the automobile loan had been discharged through a Chapter 7 bankruptcy with no mention that the debt was reaffirmed and paid in full. On October 10, 2012, plaintiff sent Experian a letter disputing its report on the account along with a copy of the Reaffirmation Agreement. On October 23, 2012, Experian sent plaintiff the results of its investigation announcing no change in the report. After plaintiff lodged yet another dispute, Experian sent plaintiff a report with no change in how it was reporting the account.

### Facts Concerning a Bank of America VISA Card

13. Beginning at a date unknown to plaintiff, defendant Bank of America has been reporting that a VISA credit card belonging to plaintiff was included and discharged in bankruptcy. However, the account was never listed on plaintiff's schedule of debts, was never included in the

1  bankruptcy proceedings, and was never discharged. Plaintiff paid the account in a compromised
2  settlement in February 2008.

3      **14.**   Trans Union has been reporting the Bank of America VISA account as having been
4  discharged in bankruptcy and "current, paid as agreed." Plaintiff disputed the report in a letter to
5  Trans Union October 10, 2012. Trans Union responded on October 19, 2012, by refusing to change
6  its reporting.

7      **15.**   Equifax has been reporting the VISA account as included and discharged in
8  bankruptcy. Plaintiff disputed the report in July 2012; in its response dated August 2, 2012, Equifax
9
10 refused to change its report.

11     **16.**   Experian has been reporting the VISA account as discharged in a Chapter 7
12 bankruptcy. Plaintiff disputed the report in his letter of October 10, 2012. In its response of October
13 23, 2012, Experian refused to change its report. Experian's report dated November 12, 2012,
14 continued to report the account as having been discharged in Chapter 7 bankruptcy.
15
16            **Facts Concerning a Chase Home Equity Line of Credit**

17     **17.**   Beginning at a date unknown to plaintiff, Equifax has been reporting that a Chase
18 home equity line of credit was included and discharged in plaintiff's Chapter 7 proceeding. The
19 report was inaccurate—the account was not included and discharged in bankruptcy and payments
20 have been made as agreed.

21     **18.**   In July 2012, plaintiff disputed the report; on August 2, 2012, Equifax sent plaintiff a
22 report stating it would not change its report on the account.
23
24  **Defendants' Failed to Conduct Reasonable Investigations & to Maintain Reasonable
    Procedures to Investigate Plaintiff's Disputes**
25     **19.**   Each of the defendants had a duty to conduct reasonable investigations as to the
26 disputed account.  However, each of the defendants failed to do so.
27
28     **20.**   Each of the defendants had a duty to maintain reasonable procedures to investigate the

*Carl C. Nielsen v Bank of America, N.A.*, ND Case No.
Complaint and Jury Demand                                                    4

disputed accounts. However each failed to do so.

**Defendants Failed to Report the Account as Disputed**

21.  Each of the defendants had a duty to accounts referenced above as disputed.

22.  However, each of the defendants failed to report the account as disputed as required by law.

**Plaintiff Was Damaged by Defendants' Inaccurate Credit Reporting**

23.  Plaintiff was damaged as a result of defendants' inaccurate credit reporting. The reports lowered plaintiff's credit scores significantly. Plaintiff was denied credit for mortgage loans and for car loans. Plaintiff has also suffered emotional distress as a result of defendants' inaccurate credit reporting.

**First Claim: Violations of the Fair Credit Reporting Act, 15 USC § 1681s-2(b) – Against Defendant Bank of America, N.A.**

24.  Plaintiff incorporates by reference ¶¶ 1-23.

25.  The FCRA requires a furnisher such as Bank of America, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

26.  Within the last two years, defendant Bank of America provided inaccurate information to the defendant credit reporting agencies.

27.  Within the past two years, plaintiff notified defendant Equifax, defendant Trans Union, and Experian Information Solutions, Inc. that the reports concerning Bank of America were inaccurate. Thereafter, the credit reporting agencies notified Bank of America that plaintiff was disputing the information he had furnished to the credit reporting agencies.

28.   Bank of America violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiff disputed;

(b) willfully and negligently failed to review all relevant information concerning plaintiff's accounts;

(c) willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by the credit reporting agencies concerning the inaccurate information disputed by plaintiff;

(f) willfully and negligently failing to provide the credit reporting agencies with the factual information and evidence the plaintiff submitted to Bank of America that proved that the information concerning plaintiff's credit reports was inaccurate;

(g) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiff's account to credit reporting agencies;

(h) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-s(b); and

29.   As a result of the above-described violations of § 1681s-2(b), plaintiff has been damaged.

30.   Plaintiff's actual damages include emotional distress, denials of credit and other incidental and consequential damages. Plaintiff will continue to suffer actual damages and will suffer

1  more damages in the future.

2  **Second Claim: Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against Bank of America, N.A.**

3      31.    Plaintiff incorporates by reference ¶¶ 1-30.

4
5      32.    California Civil Code § 1785.25 (a) states that a "person shall not furnish information
6  on a specific transaction or experience to any consumer credit reporting agency if the person knows
7  or should know the information is incomplete or inaccurate."

8      33.    California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a
9  credit reporting agency is not accurate or complete shall promptly notify the consumer reporting
10  agency of that determination and provide corrections to the consumer reporting agency that is
11  necessary to make the information complete and accurate.

12
13      34.    California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of
14  any information on a specific transaction or experience provided to a consumer reporting agency is
15  disputed by the consumer, the furnisher may not continue reporting the information unless it provides
16  a notice to the consumer reporting agency that the information is disputed by the consumer.

17      35.    Defendant Bank of America negligently and willfully furnished information to the
18  credit reporting agencies it knew or should have known was inaccurate.

19      36.    Defendant Bank of America failed to make corrections to the information it was
20
21  furnishing to the consumer reporting agencies.

22      37.    Defendant Bank of America failed to provide a notice to the consumer reporting
23  agencies that the information it was providing was disputed.

24      38.    Based on these violations of Civil Code § 1785.25 (a), (b) & (c), plaintiff is entitled to
25  the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and
26  suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than
27  $5,000, for each violation as the Court deems proper.
28

**Third Claim: Violations of the Fair Credit Reporting Act—Against Trans Union, Equifax & Experian**

1

2      39.    Plaintiff incorporates by reference ¶¶ 1 through 23.

3
       40.    The Fair Credit Reporting Act provides that if the completeness or accuracy of any
4
       item of information contained in a consumer's file at a consumer reporting agency is disputed by the
5
6      consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a

7      reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the

8      item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1)

9      (A).

10
       41.    The Act further requires the credit reporting agency, within 5 business days of
11
       receiving notice of the consumer's dispute, to provide notification of the dispute to the person who
12
       furnished the information in dispute and requires the credit reporting agency to "include all relevant
13
14     information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)

15     (2) (A). In conducting its reinvestigation of disputed information in a consumer report, the credit

16     reporting agency is required to "review and consider all relevant information submitted by the

17     consumer."

18
       42.    Within the two years preceding the filing of this complaint, plaintiff notified the
19
       defendant credit reporting agencies of an inaccuracy contained in its reports and asked them to
20
21     correct the inaccuracy.

22     43.    The defendant credit reporting agencies failed to conduct a reasonable reinvestigation

23     of the inaccuracies that plaintiff disputed.

24     44.    The defendant credit reporting agencies failed to review and consider all relevant
25
       information submitted by plaintiff.
26
       45.    The defendant credit reporting agencies failed to employ and follow reasonable
27
28     procedures to assure maximum possible accuracy of plaintiff's credit reports, information and file in

1  violation of 15 USC § 1681e(b).

2      46.    As a result of the above-described violations of § 1681i and § 1681e (b), plaintiff has

3  sustained damages.

4      47.    The defendant credit reporting agencies' violations of the FCRA were willful and

5  therefore plaintiff is therefore entitled to also seek statutory and punitive damages.

6  **PRAYER**

7  WHEREFORE, plaintiff prays for judgment as follows:

8      1.    Actual, statutory and punitive damages;

9      2.    Injunctive relief;

10      3.    Costs and attorney's fees; and

11      4.    Such other relief as the Court may deem proper.

12  
13  Dated: November 19, 2012.

14      ANDERSON, OGILVIE & BREWER LLP

15      By _____

16          Mark F. Anderson
        Attorney for Plaintiff

17  DEMAND FOR JURY TRIAL

18  Plaintiff demands a trial by jury on all issues.

19  Dated: November 19, 2012.  ANDERSON, OGILVIE & BREWER LLP

20  
21      By _____

22          Mark F. Anderson
        Attorney for Plaintiff

23  
24  
25  
26  
27  
28